1  Cecilia N. Brennan, Esq. (SBN 243954)
   HKM EMPLOYMENT ATTORNEYS LLP
2  401 West A Street, Suite 200 (#5)
3  San Diego, California 92101
   Tel/Fax: (619) 717-6409
4  Email:  cbrennan@hkm.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/23/2020** at 09:15:22 PM

Clerk of the Superior Court
By Chelsea Martinez, Deputy Clerk

5  Attorneys for Plaintiff THOMAS WARD, an individual

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN DIEGO**

10                  **UNLIMITED JURISDICTION**

| | |
|---|---|
| 11 THOMAS WARD, an individual, | Case No.  37-2020-00047464-CU-WT-CTL |
| 12              Plaintiff, | |
| 13   vs. | **1. AGE DISCRIMINATION;**<br>**2. HARASSMENT;** |
| 14 | **3. FAILURE TO PREVENT DISCRIMINATION;** |
| 15 COMMSCOPE, INC., a Delaware corporation; and DOES 1-20, | **4. RETALIATION IN VIOLATION OF FEHA;** |
| 16              Defendants. | **5. RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE;** |
| 17 | **6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND** |
| 18 | **7. VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT** |
| 19 | |
| 20 | **DEMAND FOR JURY TRIAL** |

21

22

23

24          Plaintiff Thomas Ward (hereinafter "Plaintiff" and/or "Mr. Ward") brings the following

25  complaint against Defendant COMMSCOPE, INC. a Delaware corporation ("Defendant" and/or

26  "CommScope") as follows:

27  / / /

28  / / /

---

**COMPLAINT**

**JURISDICTION AND VENUE**

1.     Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of San Diego, State of California.

2.     Pursuant to Code of Civil Procedure § 395, venue is proper in the Superior Court of California for the County of San Diego, because this is where Plaintiff is employed and where the wrongful misconduct alleged herein occurred.

3.     On or about January 22, 2020, July 9, 2020, and November 18, 2020, the California Department of Fair Employment and Housing ("DFEH") provided Plaintiff with right to sue letters. The EEOC provided Plaintiff with a right to sue on his EEOC Case No. 488-2020-00310 on or about September 28, 2020. Further, the EEOC provided Plaintiff with a right to sue on his EEOC Case No. 488-2020-00558 on or about November 30, 2020. Accordingly, this action has been filed within all applicable statutory time periods.

**PARTIES**

4.     Plaintiff Thomas Ward ("Plaintiff' and/or "Mr. Ward") is an individual who at all times relevant to the allegations made in this Complaint has resided in California, and primarily in San Diego County, California.

5.     Plaintiff is informed and believes that Defendant CommScope, Inc. ("Defendant" and/or "CommScope") is, and at all times herein mentioned was, a Delaware corporation qualified to and doing business within the State of California, having a place of business at 6450 Sequence Drive, San Diego CA 92121 as well as 2450 Walsh Avenue, Santa Clara CA 95051.  CommScope is successor in interest to Arris Group, Inc. ("Arris") which was acquired by CommScope in April of 2019. Arris is successor in interest to Motorola Home which was acquired by Arris Group, Inc in 2013. CommScope and its predecessors in interest will be collectively referred to as "Company."

6.     At all times herein, Defendant was and is an employer under the meaning of Government Code § 12926(d). Defendant has over 5 employees.

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 20, inclusive. Plaintiff is informed and believes, and thereon alleges, that each

**COMPLAINT**

1  of the defendants designated herein as a fictitiously named defendant is, in some manner,
2  responsible for the events happening herein referred to, either contractually or tortuously, and
3  caused the damage to Plaintiff as herein alleged, and Plaintiff will amend this Complaint to allege
4  such true names and capacities when the same are ascertained.

5      8.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant and
6  mentioned herein, Defendants, including DOES 1 through 20, inclusive, and each of them, were
7  the agents, servants, employees and/or joint venturers of their co-Defendants, and each of them,
8  was acting within the course, scope and authority of said agency, employment and/or venture, and
9  that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the
10 selection and hiring, retention, training and supervision of each and every other Defendant as an
11 agent, employee and/or joint venturer.

12 **FACTUAL ALLEGATIONS**

13     9.      In June 2012, Plaintiff, who was 49 years old at the time, was hired as in-house
14 patent counsel by Motorola just after the acquisition of Motorola by Google.

15     10.     Plaintiff was charged with advising the Company on its active and potential patents,
16 as well as preparing and prosecuting patent applications before the United States Patent and
17 Trademark Office ("USPTO" or "Patent Office").  Plaintiff was well-qualified for the position,
18 and exceeded the Company's job requirements by researching, preparing, and filing hundreds of
19 applications, as well as prosecuting hundreds of Patent Office action responses throughout his
20 eight years with the Company.

21     11.     In early 2014 – following Arris' acquisition of Motorola's Home division and after
22 a majority of patents were transferred to Google – Plaintiff was instructed at multiple points by the
23 Company's in-house inventor(s)/products teams to abandon various patents that were not viable,
24 in compliance with the law. Plaintiff reported this information to his superiors and further reviewed
25 the patent applications, and subsequently reported that he had no "good faith" bases to maintain
26 various cases.

27 / / /

28 / / /

**COMPLAINT**

12.     Maintaining a patent application without a good faith basis is in direct violation of federal law, as well as a violation of the USPTO's disciplinary regulations that can result in an attorney such as Plaintiff losing his license to practice.

13.     Plaintiff is informed and believes and thereon alleges that in 2016 Plaintiff's manager, Larry Cullen ("Mr. Cullen"), instructed Plaintiff to continue to prosecute and maintain patent applications in the Patent Office – even though there was no good faith basis to continue such prosecution – or face immediate termination. Plaintiff received this instruction even though, as alleged herein, Plaintiff reported his intent to abandon various patents due to there being no good faith basis to continue their prosecution.

14.     Plaintiff strongly objected to Mr. Cullen's instructions as violative of federal law and reported Mr. Cullen's instructions to the Company's Human Resources department ("HR"). Instead of following the law and properly abandoning non-viable patents, the Company instructed its attorneys to proceed with prosecuting the non-viable patents.

15.     In addition, the Company blamed Plaintiff's unwillingness to prosecute non-viable patents on Plaintiff's age and alleged "laziness." In fact, in 2016, Mr. Cullen told Plaintiff directly that Plaintiff was: too old to carry the work load; too lazy to do his work; unable to keep up with other younger attorneys; and a "senior" attorney and not living up to company expectations for his age. Plaintiff's manager also mocked him, stating he should retire at age 55.

16.     Then, in 2017, Mr. Cullen reassigned approximately 20% of Plaintiff's work to a younger (38-year old) attorney, stating that the younger attorney would be more capable of handling the matters, and that Plaintiff "could not be trusted." Mr. Cullen further issued a skewed and unfounded negative employment review of Plaintiff in 2017 for the year 2016, resulting in the reduction of approximately 50% of Plaintiff's anticipated raise and his bonus reduced to zero.

17.     Plaintiff reported the Company's discriminatory actions to HR. Plaintiff also reported Mr. Cullen's instructions to Plaintiff to, contrary to federal law and statutes, prosecute patent applications without good faith bases. Plaintiff continued to report the Company's troubling actions. Then, in April 2019, Arris was acquired by CommScope.

/ / /

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.     In August 2019, Mr. Cullen's actions continued, with Mr. Cullen indicating that Plaintiff could not keep up with other younger attorneys, was a "senior" lawyer and not living up to company expectations and the manager threatened to fire Plaintiff.  Plaintiff again reported the discriminatory actions to the HR representative in San Diego in September 2019, and the Company began an investigation.

19.     The attorney investigator, Evan Tilton ("Mr. Tilton"), made it known to Mr. Cullen and Mike Ouyang ("Mr. Ouyang") that Mr. Tilton would be conducting the investigation. Mr. Ouyang was Mr. Cullen's manager. Mr. Tilton was to report the investigation results to Burke Wyatt, who was the Company's Secretary and General Counsel.

20.     Mr. Tilton interviewed Plaintiff as part of his investigation. During the investigator's interview with Plaintiff, the investigator refused to take information related to any discriminatory practices of Mr. Ouyang.

21.     Within two weeks after the investigation started and just days after Plaintiff was interviewed by the investigator, Mr. Cullen again removed work duties from Plaintiff. This time, Mr. Cullen removed over 50% more of Plaintiff's remaining work and reassigned it to the same aforementioned younger co-worker.

22.     In January 2020, the Company's investigation did not result in any action addressing the Company's discriminatory and retaliatory practice, and said practices continued, so Plaintiff filed a first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (EEOC Case No. 488-2020-00310). In January 2020, upon receiving Plaintiff's EEOC charges, the Company CEO, Eddie Edwards, sent a Company-wide email indicating that those who had discrimination charges should contact the Company HR Officer, Robyn Mingle ("Ms. Mingle"), and Compliance Attorney lead, William Pleasant ("Mr. Pleasant"). Mr. Pleasant was manager of the investigation attorney Evan Tilton. Mr. Pleasant reported to Burke Wyatt, the Company Secretary and General Counsel.  Plaintiff contacted both Ms. Mingle and Mr. Pleasant and inquired whether he should report discrimination information to them.  Ms. Mingle responded that she was aware of Plaintiff's charges and that Plaintiff should continue to work with the HR Representative Theresa Weber in San Diego, as the Company was continuing

**COMPLAINT**

1  investigation of harassment that Plaintiff reported. Mr. Pleasant also responded indicating his
2  agreement with Ms. Mingle.

3          23.     In March 2020, Mr. Cullen demanded that Plaintiff sign and file papers with the
4  USPTO to revive a patent that was lost on an appeal decision, even though the Company's inventor
5  had instructed Plaintiff to drop the case and the Patent Appeal Board rejected all claims. Plaintiff
6  refused to sign the papers because he had no "good faith" reason to maintain the patent application,
7  and he believed that signing would be fraudulent.

8          24.     Plaintiff then filed a complaint for fraud with the USPTO naming Mr. Cullen,
9  among others, and the USPTO commenced an investigation. Plaintiff also reported the fraud to
10 the Company under Company policy and the Investigator, Evan Tilton, interviewed Plaintiff
11 regarding the report and began a further investigation. Mr. Cullen continued to demand that
12 Plaintiff sign the patent revival documents, which Plaintiff refused to do.

13         25.     In March 2020, Mr. Cullen gave Plaintiff another negative employee review with
14 San Diego HR present. The review resulted in his bonus being reduced by approximately 50%,
15 and his anticipated raise – that Mr. Cullen controlled – was reduced to zero. At least some reasons
16 for these reductions included: (1) Plaintiff did not sign the patent revival documents; and (2)
17 Plaintiff was "senior" and was not keeping up with younger attorneys. In addition, Mr. Cullen
18 said Mike Ouyang ("Mr. Ouyang"), Mr. Cullen's manager, approved Plaintiff's March 2020
19 employee review and was aware of Mr. Cullen's demands for Plaintiff to sign patent revival
20 documents as well as Mr. Cullen's general policy to do so.

21         26.     In fact, Mr. Ouyang implemented and continued a similar policy with CommScope
22 and instructed all attorneys from Arris, including Plaintiff, to file all patent applications for
23 disclosures submitted even though they had "no good faith basis" to proceed with the patents.
24 Further, Mr. Ouyang disbanded all technical review committees implemented by Motorola,
25 Google and Arris to review disclosures for a "good faith basis" before proceeding with a patent
26 application in conjunction with his policy, including all technical review committees working with
27 Plaintiff to screen patent disclosures. Plaintiff further reported Mr. Ouyang's fraudulent policy
28 and practice to the investigator, Evan Tilton.

**COMPLAINT**

1    27.    In May 2020, the Company unilaterally placed Plaintiff on a Performance
2  Improvement Plan ("PIP"), which was overseen by Mr. Cullen and HR representative Stephen
3  Herbst. Upon information and belief, HR representative Theresa Weber refused to assist Mr.
4  Cullen after his conduct during the employee review. The PIP increased Plaintiff's work from 8
5  hours per day to 12 hours per day, including weekends and holidays. Plaintiff was instructed to
6  work these long hours and complete all additional tasks, under the threat that Plaintiff would be
7  fired for not completing each and every detailed task. The PIP process also required Plaintiff to
8  process all cases before the USPTO, and not abandon them, even if there was no "good faith"
9  reason for proceeding, in violation of federal law and USPTO disciplinary regulations.  During the
10  PIP, Mr. Cullen excessively examined and criticized Plaintiff's work in weekly meetings, and Mr.
11  Cullen did not show up for the last several PIP meetings without excuse. During the PIP, the
12  company attorney investigation continued, but the company investigator involved changed from
13  Evan Tilton to another HR attorney. Upon information and belief, Evan Tilton believed that Mr.
14  Cullen's attempt to force Plaintiff to sign papers to revive the appealed patent constituted fraud.
15  Despite all of the hurdles placed before him, Plaintiff completed the PIP.

16    28.    In July 2020, Plaintiff's second charge with the EEOC (EEOC Case No. 488-2020-
17  00558) was delivered to the Company, claiming further age discrimination, retaliation, and a
18  hostile work environment based on: (1) the negative performance review after the first EEOC
19  charge; (2) a reprimand during the performance review of Plaintiff for not filing fraudulent papers
20  with the Patent Office; and (3) the unfair and unreasonable PIP.

21    29.    In August 2020, the Company terminated Plaintiff with Mr. Cullen and Mr. Herbst
22  present. Mr. Cullen and Mr. Herbst indicated that Plaintiff was not "living up to expectations,"
23  referencing Plaintiff's age as a "senior" IP counsel, and alleged that Plaintiff did not follow the
24  Company's patent abandonment policy (such policy that would have required Plaintiff to assist in
25  the Company's fraud on the USPTO). The Company also indicated that the Company's
26  investigation of harassment based on Plaintiff's complaint was now concluded. Upon information
27  and belief, Mike Ouyang reviewed the information from Mr. Cullen and HR and approved of
28  Plaintiff's termination. Upon further information and belief, the Company General Counsel and

**COMPLAINT**

Secretary, Burke Wyatt, reviewed the information from HR and investigation report, concluded the investigation and approved Plaintiff's termination.

30. In November 2020 Plaintiff's third charge with the EEOC (EEOC Case No. 488-2020-00879) was delivered to the company, claiming further discrimination, retaliation, a hostile work environment, and now acts of wrongful termination based on the Company's reasons for dismissal provided at Plaintiff's termination in August 2020.

31. The EEOC provided Plaintiff a right to sue letter on his first action, EEOC Case No. 488-2020-00310, on September 28, 2020. Further, the EEOC provided Plaintiff with a right to sue on his EEOC Case No. 488-2020-00558 on or about November 30, 2020. The DFEH has provided Plaintiff right to sue letters for all three charges.

**CAUSES OF ACTION**

**I.**
**FIRST CAUSE OF ACTION**
**AGE DISCRIMINATION IN VIOLATION OF FEHA**
**(Against All Defendants)**

32. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

33. At all times herein mentioned, FEHA, Government Code § 12940 *et seq*. was in full force and effect and was binding against the Company.

34. Plaintiff was an employee of the Company within the meaning of FEHA.

35. The Company was at all material times an employer within the meaning of FEHA and as such, barred from discrimination in employment decisions on the basis of age.

36. The Company and its agents discriminated against Plaintiff on the basis of age in violation of FEHA, Government Code § 12940(a), and Article I of the California Constitution by engaging in the course of conduct more fully set forth in the Factual Allegations above and including, without limitation, unfairly removing Mr. Ward from his position at the Company and repeatedly subjecting Mr. Ward to insults as well as requests to perform illegal actions. The Company's unlawful harassment based on Mr. Ward's advanced age that isolated Mr. Ward from

/ / /

**COMPLAINT**

his coworkers unfairly undermined his work performance, and subjected Mr. Ward to a hostile work environment that continued unabated.

37.     The discriminatory practices as alleged in the Factual Allegations were approved and ratified by the Company's management, including Mr. Cullen, Mr. Ouyang, and Mr. Wyatt, due to their failure to take action following Mr. Ward's repeated complaints outlining with specificity that he had been the victim of age discrimination and harassment.

38.     As a direct and proximate result of the Company and its agents' age discrimination against Plaintiff, Plaintiff has suffered: (a) humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages in an amount according to proof.

39.     Plaintiff has also incurred, and will continue to incur, necessary and reasonable attorney's fees and costs in order to enforce his rights, which he is entitled to recover under FEHA.

**II.**
**SECOND CAUSE OF ACTION**
**HARASSMENT**
**(Against All Defendants)**

40.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

41.     Under FEHA, it is unlawful for an employer to harass any employee on the basis of, inter alia, age, race, and gender. Cal. Gov. Code § 12940(j).

42.     In perpetrating the above-described acts, Defendants, their agents, and/or employees engaged in unlawful age, race, and gender harassment in violation of FEHA.

43.     Defendants subjected Plaintiff to a hostile work environment based on age, race, and gender.

44.     Plaintiff found the conduct offensive and harassing. A reasonable person belonging to Plaintiff's protected classes would find the environment hostile or abusive.

/ / /

/ / /

**COMPLAINT**

45.     Defendants' harassment of Plaintiff based on age, race, and gender caused Plaintiff to suffer economic damages, mental anguish, emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, among other things.

46.     Defendants' actions were unwelcome, and so severe or pervasive as to adversely alter the terms and conditions of Plaintiff's employment.

47.     Company Defendants are strictly liable for the conduct of their agents' conduct, including that of Mr. Cullen. Defendants, their agents, and/or employees harassed Plaintiff because of his age. Defendants subjected Plaintiff to unwelcome, degrading, and humiliating comments and other harmful conduct. The aforesaid unwelcome acts by Defendants and/or Defendants' agents and/or employees were severe or pervasive, and created a hostile work environment. Defendants knew or should have known of the harassment.

48.     As a proximate result of the aforesaid harassment, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

**III.**
**THIRD CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION**
**(Against All Defendants)**

49.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

50.     Under FEHA, it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Cal. Gov. Code § 12940(k).

51.     Although on notice, Defendant, in violation of Cal. Gov. Code § 12940(k), failed to take reasonable steps to protect Plaintiff from the harassment and discrimination alleged herein.

52.     Despite the Company's knowledge of the harassment and discrimination alleged herein, and the actual knowledge of its agents, the Company allowed the harassment and discrimination of Plaintiff based on his disability to continue and ultimately threatened to terminate his employment.

**COMPLAINT**

53.     As a proximate result of Defendants' unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

54.     Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

55.     In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

## IV.
## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF FEHA
### (Against All Defendants)

56.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

57.     FEHA, prohibits "any employer…or person", inter alia, from retaliating against any employee because he engaged in a protected activity. Filing a complaint, including an informal complaint, qualifies as a protected activity. Cal. Gov. Code § 12940(h).

58.     By reporting harassment based on age, Plaintiff engaged in protected activities under FEHA and was exercising or attempting to exercise his rights.

59.     In violation of FEHA, the Company allowed Plaintiff to continue to be subjected to harassment based on his age, attempted to force Plaintiff to complete job duties that violated law, and ultimately terminated his employment in retaliation for engaging in the protected activities set forth above, all without adequate and effective communication or interaction.

60.     As a proximate result of Defendants' unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation,

**COMPLAINT**

1  embarrassment, and the loss of enjoyment of life, manifested by feelings of depression,

2  humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage

3  amounts are to be determined at trial.

4      61.    Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other

5  appropriate relief as determined by this Court.

6      62.    In doing the acts alleged herein, Defendants acted maliciously and oppressively,

7  with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive

8  amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward

9  Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner,

10  Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

11

12                                         **V.**
                                  **FIFTH CAUSE OF ACTION**
13          **RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE**
                              **(Against All Defendants)**

14      63.    Plaintiff hereby re-alleges and incorporates herein by reference each and every

15  allegation contained in the previous paragraphs as though fully set forth herein.

16      64.    California Labor Code § 1102.5 prohibits an employer, or any person acting on

17  behalf of the employer from retaliating against an employee "because the employer believes that

18  the employee disclosed or may disclose information, to a government or law enforcement

19  agency,… if the employee has reasonable cause to believe that the information discloses a violation

20  of state or federal statue, or a violation of or noncompliance with a local, state, or federal rule or

21  regulation, regardless of whether disclosing the information is part of the employee's job duties."

22  [Emphasis added].

23      65.    As listed above, throughout his time working for CommScope, Mr. Ward witnessed

24  multiple issues with attorneys being instructed to commit fraud against the Patent Office. Mr. Ward

25  made complaints of such fraudulent activity. Mr. Ward also made complaints of the Company's

26  discrimination against him based on his age.

27      66.    Despite Mr. Ward lodging such protected complaints regarding these conditions,

28  the Company did nothing to repair or mitigate these issues, or even address the complaints; instead,

---

**COMPLAINT**

the Company fired Mr. Ward in retaliation for such complaints. Accordingly, the Company is in violation of Labor Code §§ 1102.5, 6310, 6404 and Civil Code § 43, among other things.

67.     The above referenced acts of named Defendants were done intentionally, and with malice, and, therefore, entitles Plaintiff to an award of punitive and exemplary damages.

68.     In addition to the above, Plaintiff has and continues to incur legal fees, costs, and other expenses in the prosecution of this matter.

## VI.
## <u>SIXTH CAUSE OF ACTION</u>
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (Against All Defendants)

69.     Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

70.     It is the law and public policy of California to bar employers from discriminating against their employees because of their disabilities and to require them to reasonably accommodate employees with disabilities. Employers may not terminate an employee based on age, gender, or race. By harassing and discriminating against Plaintiff and terminating his employment in violation of FEHA, the Company violated California's public policy.

71.     It is the law and public policy of California to bar employers from retaliating against an employee "because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency,… if the employee has reasonable cause to believe that the information discloses a violation of state or federal statue, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." By retaliating against Plaintiff for his report of information about violation of a federal regulation to a government agency by terminating his employment, the Company violated California's public policy.

72.     As a proximate result of Defendants' unlawful acts, Plaintiff sustained a loss of earnings, fringe benefits, and/or promotions, and suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression,

**COMPLAINT**

humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress. Damage amounts are to be determined at trial.

73. Plaintiff is entitled to damages, reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

74. In doing the acts alleged herein, Defendants acted maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in an amount according to proof at trial.

## VII.
## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE UNFAIR BUSINESS PRACTICES ACT
### (Against All Defendants)

75. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

76. The California Unfair Competition Law, California Business and Professions Code § 17200 *et seq*. ("UCL" or "B&P"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

77. Defendants' conduct, as alleged above constitutes unlawful, unfair and/or fraudulent business practices for the reasons set forth above.

78. As a result of Defendants' unlawful, unfair and fraudulent conduct, Plaintiff suffered emotional distress, humiliation, embarrassment, and the loss of enjoyment of life, manifested by feelings of depression, humiliation, embarrassment, anxiety, nervousness, and other symptoms of stress.

79. Pursuant to B&P § 17203, Plaintiff seeks declaratory and injunctive relief for Defendants' unlawful, unfair and fraudulent conduct and to recover restitution.

/ / /

/ / /

**COMPLAINT**

80.      Pursuant to Code of Civil Procedure § 1021.5, Plaintiffs and other aggrieved parties are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

81.      Under B&P § 17203, Plaintiff seeks an order of this Court: (a) enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by B&P § 17200 et seq.; and (b) restoring all monies that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      For emotional distress damages in an amount to be proven at trial;

2.      For compensatory, economic, general, and special damages in amounts to be proven at trial;

3.      For punitive damages in an amount necessary to punish and make an example of Defendants;

4.      For the reasonable value of attorney services and fees, pursuant to applicable statutes;

5.      For prejudgment interest;

6.      For an order of this Court: (a) enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and any act prohibited by B&P § 17200 *et seq*.; and (b) restoring all monies that may have been acquired by Defendants as a result of such unlawful, unfair or deceptive acts or practices;

7.      Under B&P § 17206, that Defendant Companies be assessed a civil penalty in the amount of $2,500 for each violation of the UCL, according to proof.

8.      Under B&P § 17536, that Defendant Companies be assessed a civil penalty in the amount of $2,500 for each violation of B&P § 17500, according to proof;

**COMPLAINT**

1    9.        For such other and further relief as this Court deems just and proper.

2

3   Respectfully submitted,                    HKM EMPLOYMENT ATTORNEYS LLP

4

5   Dated:  December 23, 2020                   /s/ *Cecilia Brennan*
                                                Cecilia N. Brennan, Esq.
6                                               Attorney for Plaintiff Thomas Ward

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT**

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff Thomas Ward hereby demands a trial by jury on all claims.

3

4    DATED: December 23, 2020                    HKM EMPLOYMENT ATTORNEYS LLP

5                                                /s/ ***Cecilia Brennan***

6                                                Cecilia N. Brennan, Esq.
                                                 Attorneys for Plaintiff Thomas Ward

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**