UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS WARD, an individual,<br><br>                               Plaintiff,<br><br>v.<br><br>COMMSCOPE, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>                               Defendants. | Case No.: 21-cv-00370-H-DEB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>[Doc. No. 3.] |
|---|---|

On March 9, 2021, Defendant CommScope, Inc. filed: (1) a motion to dismiss Plaintiff Thomas Ward's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and (2) a motion to strike certain allegations from the complaint pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 3.) On March 29, 2021, Plaintiff filed a response in opposition to Defendant's motions. (Doc. No. 4.) On April 5, 2021, Defendant filed its reply. (Doc. No. 5.) A hearing on the motions is currently scheduled for Monday, April 12, 2021 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Defendant's motion to dismiss, and the Court denies Defendant's motion to strike.

**Background**

The following background is taken from the factual allegations in Plaintiff's complaint. In June 2012, Plaintiff was hired as in-house patent counsel by Motorola shortly after Motorola's acquisition by Google.[1] (Doc. No. 1-3, Compl. ¶ 9.) As in-house patent counsel, Plaintiff was charged with advising the company on its active and potential patents, as well as preparing and prosecuting patent applications before the U.S. Patent and Trademark Office. (Id. ¶ 10.)

Plaintiff alleges that during his employment, his manager instructed him to continue to prosecute and maintain certain patent applications – even though there was no good faith basis to continue such prosecution – or he would face immediate termination. (Id. ¶¶ 11-14, 26-27.) Plaintiff alleges that he reported these instructions to the company's Human Resources department. (Id. ¶ 14.)

Plaintiff also alleges that his manager told him that he was: "too old to carry the work load; too lazy to do his work; unable to keep up with other younger attorneys; and a 'senior' attorney and not living up to company expectations for his age." (Id. ¶ 15; see also id. ¶ 18.) Plaintiff also alleges that his manager also reassigned part of his work to a younger attorney. (Id. ¶¶ 16, 21.) Plaintiff alleges that he also reported this to the company's Human Resources department. (Id. ¶ 17.)

Defendant terminated Plaintiff's employment in August 2020. (Id. ¶ 29.) Plaintiff alleges that in terminating him, Defendant unlawfully retaliated against him based on his reporting acts of age discrimination and his reporting fraud and ethical misconduct involving patent applications. (See id. ¶¶ 59, 65-66.)

On December 23, 2020, Plaintiff filed a complaint against Defendant in the Superior Court of California, County of San Diego.[2] (Doc. No. 1-3, Compl.) In the complaint,

---

[1]   Motorola Home was subsequently acquired by Arris International Limited in April 2013, Arris subsequently was acquired by Defendant CommScope, Inc. on or about April 4, 2019. (Doc. No. 3 at 2.)

[2]   Plaintiff alleges that the California Department of Fair Employment and Housing ("DFEH") provided him with right to sue letters on January 22, 2020, July 9, 2020, and November 18, 2020, and the

Plaintiff alleges claims for: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 *et seq.*; (2) harassment in violation of FEHA; (3) failure to prevent discrimination; (4) retaliation in violation of FEHA; (5) retaliation in violation of California Labor Code § 1102.5; (6) wrongful termination in violation of public policy; and (7) violations of California's Unfair Competition Law, California Business and Professions Code § 17200 et seq. (Id. ¶¶ 32-81.)

On March 2, 2021, Defendant removed the action to the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1, Notice of Removal.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiff's complaint for failure to state a claim. (Doc. No. 3 at 2, 6-15.) In addition, Defendant moves pursuant to Federal Rule of Civil Procedure 12(f) to strike certain allegations from the complaint. (Id. at 2, 15-16.)

**Discussion**

**I.    Defendant's Rule 12(b)(6) Motion to Dismiss**

A.    Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

U.S. Equal Employment Opportunity Commission ("EEOC") provided him with right to sue letters on September 28, 2020 and November 30, 2020. (Doc. No. 1-3, Compl. ¶¶ 3, 31.)

3

21-cv-00370-H-DEB

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus, 623 F.3d at 1003 (9th Cir. 2010).

///

///

B.     Analysis

Defendant argues that all of the claims in Plaintiff's complaint are barred because as an in-house attorney, Plaintiff must satisfy a higher standard of proof to bring these claims, and Plaintiff has failed to do so. (Doc. No. 3 at 6-13.) In addition, Defendant argues that the claims are barred because they are predicated on the use and disclosure of attorney-client privileged information. (Id. at 1, 13-14.)

Defendant's arguments for dismissal are premised on the California Supreme Court's decision in General Dynamics Corp. v. Superior Court, 7 Cal. 4th 1164 (1994). (See id. at 6-15.) In General Dynamics, the California Supreme Court considered the issue of "whether an attorney's status as an employee bars the pursuit of . . . retaliatory discharge tort causes of action against the employer that are commonly the subject of suits by non-attorney employees who assert the same claims." 7 Cal. 4th at 1169. The California Supreme Court held that an in-house attorney may maintain a retaliatory discharge tort cause of action against his employer "provided it can be established without breaching the attorney-client privilege or unduly endangering the values lying at the heart of the professional relationship." Id. The California Supreme Court explained that this holding "seeks to accommodate two conflicting values, both of which arise from the nature of an attorney's professional role: the fiducial nature of the relationship with the client, on the one hand, and the duty to adhere to a handful of defining ethical norms, on the other." Id.

The General Dynamics court then set out two circumstances when an in-house attorney may bring a retaliatory discharge tort cause of action against his employer. First, an in-house attorney may bring a claim if he can show that he was terminated for "following a mandatory ethical obligation prescribed by a professional rule or statute." Id. at 1188. Second, an in-house attorney may bring a claim when the "in-house counsel's nonattorney colleagues would be permitted to pursue a retaliatory discharge claim and governing professional rules or statutes expressly remove the requirement of attorney confidentiality." Id. In setting forth these two circumstances, the California Supreme Court cautioned: "where the elements of a wrongful discharge in violation of fundamental

public policy claim cannot, for reasons peculiar to the particular case, be fully established without breaching the attorney-client privilege, the suit must be dismissed in the interest of preserving the privilege." Id. at 1190.

In response to Defendant's motion to dismiss, Plaintiff acknowledges the legal standards set forth in General Dynamics but argues that they should not be applied at the pleadings stage. (Doc. No. 4 at 9-10.)  The Court agrees with Plaintiff.  In providing its holding, the California Supreme Court in General Dynamics explained: "in those instances where the attorney-employee's retaliatory discharge claim is incapable of complete resolution without breaching the attorney-client privilege, the suit may not proceed.  That result, however, is rarely, if ever, appropriate where, as in this case, the litigation is still at the pleadings stage." Gen. Dynamics, 7 Cal. 4th at 1170.  Later in the opinion, the California Supreme Court reiterated "in most wrongful termination suits brought by discharged in-house counsel, whether the attorney-client privilege precludes the plaintiff from recovery will not be resolvable at the demurrer stage." Id. at 1190 ("such drastic action will seldom if ever be appropriate at the demurrer stage of litigation").  "Rather, in the usual case, whether the privilege serves as a bar to the plaintiff's recovery will be litigated and determined in the context of motions for protective orders or to compel further discovery responses, as well as at the time of a motion for summary judgment." Id.

In light of this language in General Dynamics, California district courts have declined to dismiss wrongful termination claims at the pleadings stage based on the argument that the claims are barred by the attorney-client privilege. See, e.g., Tam v. Qualcomm, Inc., No. 17-CV-710 JLS (AGS), 2018 WL 9918097, at *5 (S.D. Cal. Oct. 31, 2018) ("[I]n this case, as with most wrongful termination claims brought by in-house counsel, the question of 'whether the attorney-client privilege precludes [Plaintiff] from recovery [is] not resolvable' at the motion to dismiss stage." (quoting Gen. Dynamics, 7 Cal. 4th at 1170)); Stein v. Tri-City Healthcare Dist., No. 12CV2524 BTM BGS, 2013 WL 2417772, at *3 (S.D. Cal. June 3, 2013) ("Although the Defendants cite General Dynamics Corp. v. Superior Court in support of their motion to dismiss, the California Supreme

Court, in the same decision, recognized that dismissal of an attorney-employee's retaliatory discharge claim is 'rarely if ever appropriate' at the pleading stage. This Court does not deem the present situation to be 'appropriate.'" (quoting Gen. Dynamics, 7 Cal. 4th at 1170)); see also Stein, 2013 WL 2417772, at *2 ("Federal courts have consistently refused to dismiss a claim on pretrial motions claiming potential violations of attorney-client privilege.").[3] Here, Plaintiff asserts that his claims satisfy the General Dynamics standard because he was terminated for following California Rule of Professional Conduct Rule 1.2.1(a) and U.S. Patent and Trademark Office rules, including 37 C.F.R. § 1.56 and 37 C.F.R. § 10.23. (Doc. No. 4 at 4-5.) Defendant may dispute this, (see Doc. No. 5 at 3-4), but resolution of that dispute is not the appropriate at the pleadings stage. See Gen. Dynamics, 7 Cal. 4th at 1170, 1190; Tam, 2018 WL 9918097, at *5; Stein, 2013 WL 2417772, at *3. As such, the Court declines to dismiss Plaintiff's claims on the grounds that they are barred by the attorney-client privilege.[4]

## II.     Defendant's Rule 12(f) Motion to Strike

### A.     Legal Standards for a Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited

---

[3]     Defendant argues that the dismissal of claims under the General Dynamics standard is appropriate at the pleadings stage and cites to the district court decision in Tam v. Qualcomm, Inc., 300 F. Supp. 3d 1130, 1141 (S.D. Cal. 2018). (Doc. No. 5 at 8.) The Court notes that, as cited above, the Tam court in a subsequent decision explained that in "most wrongful termination claims brought by in-house counsel, the question of 'whether the attorney-client privilege precludes [Plaintiff] from recovery [is] not resolvable' at the motion to dismiss stage." Tam, 2018 WL 9918097, at *5 (quoting Gen. Dynamics, 7 Cal. 4th at 1170).

[4]     To the extent attorney-client privilege issues arise related to the protective order or discovery in this action, those matters are referred to the Magistrate Judge.

importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); accord Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563-64 (S.D. Cal. 2012); see also Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("Motions to strike are disfavored and infrequently granted."). Courts have utilized "'Rule 12(f) to strike sections of a pleading that include inadmissible or privileged information.'" Phoenix Ins. Co. v. Diamond Plastics Corp., No. C19-1983-JCC, 2020 WL 4261419, at *2 (W.D. Wash. July 24, 2020) (quoting Fodor v. Blakey, No. CV1108496MMMRZX, 2012 WL 12893986, at *5 (C.D. Cal. Dec. 31, 2012)); see, e.g., Rosenfield v. GlobalTranz Enterprises, Inc., No. CV 11-02327-PHX-NVW, 2012 WL 12538606, at *1–2 (D. Ariz. Jan. 27, 2012).

  B. Analysis

  Defendant moves to strike paragraphs 11, 13, 14, 17, 22-27, 29, 36, 65, 66, 71, 77, and 78 from the complaint. (Doc. No. 3 at 15.) Defendant argues that these allegations should be stricken because they contain references and disclosures of protected internal attorney-client communications. (Id.)

  "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (citing Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)). "An eight-part test determines whether information is covered by the attorney-client privilege:"

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009)).

"'The party asserting the privilege bears the burden of proving each essential element.'" Branch v. Umphenour, 936 F.3d 994, 1006 (9th Cir. 2019) (quoting Graf, 610 F.3d at 1156); see also Richey, 632 F.3d at 566 ("The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication."). "'Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed.'" Branch, 936 F.3d at 1006 (quoting Graf, 610 F.3d at 1156).

As the party asserting the attorney-client privilege, Defendant bears the burden of establishing that the information at issue is covered by the attorney-client privilege. See Branch, 936 F.3d at 1006; Richey, 632 F.3d at 566. Defendant has failed to do so. In its motion, Defendant simply identifies certain paragraphs in Plaintiff's complaint and asserts that they contain privileged material. (See Doc. No. 3 at 15; Doc. No. 5 at 9.) Defendant makes no attempt to explain what precise information in these paragraphs is purportedly privileged or how the information at issue constitutes attorney-client privileged information under the above test. The Court notes that many of the paragraphs Defendant seeks to strike are cited to and quoted in the factual background section of Defendant's own motion. (See Doc. No. 3 at 3.) In light of this failure to identify the precise information that is purportedly privileged and why it is privileged, the Court declines to strike the paragraphs at issue from the complaint. See In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) ("Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike."); Romero v. Securus Techs., Inc., 216 F. Supp. 3d 1078, 1095 (S.D. Cal. 2016) (same).

///

///

///

### Conclusion

For the reasons above, the Court denies Defendant's Rule 12(b)(6) motion to dismiss, and the Court denies Defendant's Rule 12(f) motion to strike. Defendant CommScope must file an answer to Plaintiff's complaint within **30 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: April 6, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT